UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEANGELO JEROME DOWNS,** : | |
| Petitioner : | |
| : | No. 1:17-CV-01007 |
| v. : | |
| : | (Judge Kane) |
| **WARDEN J. BALTAZAR, et al.,** : | |
| Respondents : | |

## MEMORANDUM

I.     BACKGROUND

On June 9, 2017, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 from pro se Petitioner Deangelo Jerome Downs, a federal inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania. (Doc. No. 1.)

Petitioner was indicted on January 15, 2009 in the Southern District of Iowa on a one count charge of possession with intent to distribute cocaine base. United States v. Deangelo Jerome Downs, No. 3:09-CR-0005 (S.D. Iowa). On May 6, 2009, a grand jury returned a superseding indictment charging Petitioner with conspiracy to manufacture, distribute and possess with intent to distribute fifty grams or more of crack cocaine in addition to the charge earlier filed. (Id.) Petitioner pled guilty to the charge on September 18, 2009, and on September 9, 2010, he received a mandatory life sentence. (Id.) His sentence was subsequently reduced to 300 months. (Id.)

In his instant petition, Petitioner contends that the sentencing court failed to inform him that "he was required to have knowledge of the Controlled Substance Act or Analogue of §802(32)(A) of Schedule III . . . or that death or serious bodily injury had to result from the use of the cocaine base . . . nor that he was required to have advanced knowledge to be found guilty

of Aid & Abetting in the Conspiracy . . . ." (Id.)  Therefore, Petitioner contends that his plea was "unintelligent and involuntary because he pled guilty to an act that the law does not make criminal . . . ." (Id.)

A review of the petition, as well as PACER, the online national index providing public access to court electronic records, reveals that Petitioner has previously filed two separate motions to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 with the District Court for the Southern District of Iowa, Central Division.  See Downs v. United States, No. 4:16-CV-0324 (summarily dismissing § 2255 petition and denying certificate of appealability); Downs v. United States, No. 4:17-CV-0184 (summarily dismissing § 2255 petition and denying certificate of appealability).  It appears that Petitioner now seeks habeas relief in this Court pursuant to the "savings clause" of § 2255.

The petition will be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[1]  For the reasons set forth below, the petition will be dismissed summarily.

## II. DISCUSSION

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  Indeed, to challenge the validity of a sentence, a federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."  See Boumediene v. Bush, 553 U.S. 723, 774–75 (2008); see also Swain v. Pressley, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction

---

[1] Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)).

Conversely, a federal prisoner may challenge the execution of his sentence, such as a claim concerning the denial or revocation of parole, or the loss of good-time credits, by filing a § 2241petition in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443–44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

However, if the Petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." Brown, 167 F. Supp. 2d at 726; see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction

and could not satisfy the stringent standard for filing a second or successive § 2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997)). The Third Circuit has also noted that extraordinary circumstances may justify invoking the savings clause. Id. The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986).

Here, Petitioner challenges the imposition of his sentence, not its execution. Therefore, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner has not met this burden. Indeed, his claims do not fall within the purview of the savings clause, as he has neither demonstrated that an intervening change in the law made his underlying conviction non-criminal, nor has shown that other extraordinary circumstances warrant relief. Moreover, the Court notes that the instant petition is identical to Petitioner's previous § 2255 petition, Downs v. United States, No. 4:17-CV-0184, filed in the District Court for the Southern District of Iowa. The district judge found that none of the cases that Petitioner cited provided him with any arguable

claim for relief, [2] and also found, as does this Court, that those case decisions were all filed more than one year prior to the filing of his petition. Thus, this Court finds Petitioner's argument that these cases were unavailable at the time he filed his previous petition to be without merit. Accordingly, the Court will dismiss the petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice to any right he may have to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court.

### III.  CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be dismissed without prejudice to the Petitioner's right to file a 28 U.S.C. § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained by virtue of a process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

---

[2] Petitioner relies on McFadden v. United States, 135 S.Ct. 2298 (2015); Burrage v. United States, 134 S.Ct. 881 (2014); Gaylord v. United States, 829 F.3d 500 (7th Cir. 2016); and Rosemond v. United States, 134 S.Ct. 1240 (2014).